# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

TRUMAN SCOTT,

    *Plaintiff*,

v.

UNITED STATES OF AMERICA, *et al.*,

    *Defendants.*

Civil Action No. 16-694 (RDM)

## MEMORANDUM OPINION

Plaintiff Truman Scott, proceeding *pro se*, filed this action under 42 U.S.C. § 1983 against the United States and Jefferson B. Sessions III in his capacity as the U.S. Attorney General. Dkt. 1. Scott is presently incarcerated in West Virginia, *id.* at 3, and he alleges that he was never indicted on the charges leading to his conviction and imprisonment, *id.* at 5. As relief, Scott asks "that the [G]overnment in open court be allowed to concede [that] [he] has never been indicted." *Id.* Scott has also filed a "motion to expedite hearing on his petition for [a] writ of habeas corpus pursuant to [28] U.S.C. § 2241." Dkt. 5 at 1. He asserts that he has served more than twenty-two years of imprisonment "on charges that do not exist." *Id.* at 2. According to the motion, Scott's "petition was file[d] . . . in the District of Columbia" because he would "not receive a fair hearing" in North Carolina, the state where he was convicted. *Id.* at 1.

To the extent that Scott intends for this action to be construed as a petition for a writ of habeas corpus, Scott has filed his petition in the wrong jurisdiction. When a prisoner "challeng[es] the very fact or duration of his physical imprisonment, and . . . seeks . . . a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus." *Preiser v. Rodriguez*, 411

U.S. 475, 500 (1973). Under 28 U.S.C. § 2241(a), district courts may grant habeas relief only "within their respective jurisdictions." "Because '[a] writ of habeas corpus does not act upon the prisoner who seeks relief, but upon the person who holds him in . . . custody,' a court may issue the writ only if it has jurisdiction over that person." *Stokes v. U.S. Parole Comm'n*, 374 F.3d 1235, 1237–38 (D.C. Cir. 2004) (alterations in original) (citation omitted) (quoting *Braden v. 30th Judicial Cir. Ct. of Ky.*, 410 U.S. 484, 494–95 (1973)). Here, Scott has not named the warden of the prison at which he is being held, and, more importantly, has not filed his petition in "the district of [his] confinement," the U.S. District Court for the Northern District of West Virginia. *Rumsfeld v. Padilla*, 542 U.S. 426, 443 (2004). This Court therefore lacks "territorial jurisdiction" to entertain his petition for habeas relief. *Day v. Obama*, No. 15-671, 2015 WL 2122289, at *1 (D.D.C. May 1, 2015), *aff'd sub nom. Day v. Trump*, No. 15-5144 (D.C. Cir. June 23, 2017); *see also Lane v. United States*, No. 14-731, 2015 WL 6406398 (D.D.C. Oct. 21, 2015) (explaining that the territorial-jurisdiction requirement is like personal jurisdiction or venue).

To the extent that Scott is not seeking habeas relief but, rather, seeks to compel the United States to "concede" that he was never indicted on the charges of which he was convicted, the Court must dismiss the complaint pursuant to the Prison Litigation Reform Act, 28 U.S.C. § 1915A. Section 1915A instructs a court to dismiss a prisoner's complaint if the complaint "fails to state a claim upon which relief may be granted." *Id.* § 1915A(b)(1); *see Redmond v. Fulwood*, 859 F.3d 11, 13 (D.C. Cir. 2017) (noting that § 1915A instructs courts to dismiss complaints *sua sponte*). On its face, Scott's complaint asserts claims under 42 U.S.C. § 1983 against the United States and the U.S. Attorney General. But Section 1983 applies only to state and local actors. *See id.*; *Monell v. Dep't of Social Servs. of City of New York*, 436 U.S. 658, 690 (1978). And although the Court is mindful of its duty to construe *pro se* complaints liberally, *Erickson v.*

Pardus, 551 U.S. 89, 94 (2007), the Court cannot discern any other claim that would entitle Scott to the relief he seeks.

## CONCLUSION

Accordingly, the Court will **DENY** the motion for an expedited hearing. Dkt. 5. To the extent Scott intends to petition the Court for a writ of habeas corpus, the Court will **DISMISS** that petition without prejudice for lack of territorial jurisdiction, and, to the extent he seeks to compel the United States merely to concede that he was not indicted, the Court will **DISMISS** his complaint for failure to state a claim upon which relief can be granted.

A separate order will issue.

/s/ Randolph D. Moss
RANDOLPH D. MOSS
United States District Judge

Date: August 29, 2017